By the Court.
We are of opinion that neither the “offer to compromise,” provided form section 493 of the code, nor the “offer *376 to confess judgment,” provided for in section 498, can properly be made in tbe answer in an action, but to be effectual must be made as follows: The offer to compromise, in a separate writing, to be served as prescribed in section 493; aud the offer to confess judgment, in open court (Fike v. France, 12 Ohio St. 624), in the presence of the plaintiff, or in pursuance of the notice to him proscribed in section 498. The effect of failing to give notice of the acceptance of the offer to compromise, in the one case, and the refusal to accept, or failure to attend, the offer to confess judgment, in the other, show these offers to be matter inconsistent with the nature of an answer (Code, secs. 92-94), and with the rules of pleading prescribed in sections 127, 128.
The averment of the tender in the answer in this case is not relied upon as a technical tender. The money tendered was not brought into court. S. & C. 1140, 1141, sec. 639. It is claimed to be an offer to confess judgment under section 493 or section 498 of the code. We do not think it was an offer made in conformity with either of these sections. It was not made in a 376] separate writing, served as provided for in section *493. It was not made in open court, in the presence of the plaintiff, or in pursuance of notice to him, as provided for in section 498. It was not properly made in the answer for the reasons stated; and tko plaintiff was not bound to take notice of that averment in the answer as being anything but an admission that the two hundred and ten dollars was the amount equitably due him at the time.
The common pleas did not err in giving judgment for full costs.

Motion overruled.